## BROACH *vs.* SMITH *et al.*, EXECUTORS.

EQUITY, FROM JONES. Deeds. Mortgages. Interest and Usury. Title. Practice in Supreme Court. Equity. Words and Phrases. Liens. Vendor and Purchaser. (Before Judge Lawson.)

Blandford, J.—A conveyance made under section 1969 of the Code to secure a debt, and which is void as title on account of usury, cannot be foreclosed as an equitable mortgage.

(a)   The declaration to the contrary of this principle in Bullard *vs.* Long et ux., 68 Ga , 821, was an obiter dictum, the point not being made in the record.

(h)   The debtor having been adjudged a bankrupt and received his discharge, after giving a security deed which was void on account of usury, the debt was thereby discharged.

(c)   The vendor's equitable lien for unpaid purchase money is expressly abolished by the Code of 1863, §1997.

(d)   It is not decided that, when it may be necessary for a defendant to resort to equity under similar circumstances with those of the present case, a court of equity may not compel him to do equity by paying the money and lawful interest thereon.

Judgment reversed.

John Rutherford ; Nisbet, Edge & Nisbet ; R. F. Lyon, for plaintiff in error.

Lanier & Anderson, by Harrison & Peeples ; Hardeman & Davis for defendants.